PHŒNIX INSURANCE COMPANY OF BROOKLYN, RESPONDENT, *v.* WILLIAM FLOYD, ELIPHALET S. NEWINS AND OTHERS, APPELLANTS.

*Policy of insurance — mortgagee clause — right of the company to subrogation — when the mortgagee is not affected by the right of the company to contribution from another company insuring the same premises.*

Plaintiff issued a policy of insurance to Floyd & Newins, as owners, "loss payable to Hendrickson & Whitson, mortgagees, as interest may appear." The policy contained a mortgagee clause, providing that the rights of the mortgagees should not be affected by the acts of the owner, and that in case a loss were paid to them, for which it would not be liable to the owner, the company should be subrogated to all the rights of the mortgagees. Thereafter the property was conveyed to Ruth Gracie, whose name was inserted, as owner, in the policy, and who, thereafter, both companies assenting, procured additional insurance on the property from another company, and in case of loss it was agreed, as between the two companies and Ruth Gracie, that such loss was to be paid by the two companies in certain proportions. The property was injured by fire to the extent of $2,788.44, of which, as between the owner and the two companies, the plaintiff was bound to pay $1,507.69. The plaintiff having paid H. & W. the whole amount of the loss, as required by the mortgagee clause, took an assignment of the mortgage, and brought this action to foreclose it.

*Held,* that as against the owner, and Floyd & Newins, who, as mortgagors, were liable for any deficiency, plaintiff was only bound to credit upon the mortgage its proportionate part of the loss, viz., $1,507.69, and not the amount it had paid the mortgagees, viz., $2,788.44.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action, by the court without a jury.

The action was brought to foreclose a mortgage, which had been assigned to the plaintiff, in pursuance of a clause inserted in a policy issued by it to the mortgagor, for the benefit of the mortgagee. By the mortgagee clause the plaintiff consented, " that the interest of the owner of the property, be assigned to the mortgagees, who were not to be affected by any act or neglect of the mortgagor or owner. If the company shall pay the mortgagee for loss, and claim as to the mortgagor or owner that no liability existed, the company shall be subrogated to all the rights of the mortgagee."

*F. P. Bellamy,* for the appellants, Floyd & Newins.

*D. P. Barnard,* for the respondent.

BARNARD, P. J. :

The policy of insurance, when originally issued, insured Daniel Gracie and wife, as owners, with " loss payable to Valentine Bergen & Co., mortgagees, as interest may appear." The policy also contained what is called a mortgagee clause, providing, in effect, that the policy shall be for the security of the mortgagee, and not be affected by the acts of the owner ; and that in case of payment to the mortgagor of any loss for which it would not be liable to the owner, the company may be subrogated to the rights of the mortgagee to all securities for the mortgage debt. The mortgage of Bergen & Co. was foreclosed, and Charles M. Newins became the owner of the property. The policy was then changed by striking out the names of Daniel Gracie and wife, and inserting the name of Charles M. Newins as the assured party. Subsequently, the defendant, William Floyd & Eliphalet S. Newins became the owners of the property, and the policy was changed by striking out the name of Charles M. Newins and inserting the names of the defendants, William Floyd & E. S. Newins, as the assured, and by striking out the names of Bergen & Co. as mortgagees, and by inserting the names of Hendrickson & Whitson, to whom Floyd & Newins had mortgaged the property. The defendants, Floyd & Newins, subsequently conveyed the property to Ruth Gracie, as owner.

The policy was held throughout by the mortgagees, and, so far as appears, the changes made in the policy, from time to time, were made with the express, or implied, consent of all parties concerned. Ruth Gracie procured an additional policy upon the same property from another insurance company, both companies assenting, and thereby, as between the two companies and Mrs. Gracie, the sum payable, in case of loss, was to be paid by the two companies in certain proportional amounts. The insured property was destroyed by fire. The whole loss was $2,788.44, and the amount which the plaintiff, in this action, was bound to pay, was adjusted at $1,507.69; but as between Hendrickson & Whitson, the mortgagees and the plaintiff, the latter was bound to pay the full amount to them, their rights not being affected by the acts of the owners in procuring another insurance. The plaintiff accordingly paid to the mortgagees the amount of their mortgage, $3,000, and took an assignment of it, and have brought this action to foreclose it. The appellants, Floyd & Newins, claim that, as against them, they being liable for any deficiency, the plaintiff is bound to credit the whole $2,788.44 as a payment upon the mortgage. The plaintiff claiming that it is only bound to credit the $1,507.69, being the portion of the loss for which, as between the plaintiff and Mrs. Gracie, the owner, the plaintiff became liable. The judge, at Special Term, sustained the position taken by the plaintiff, and, in my opinion, his decision was correct. The mortgagee clause was a contract between the company and the mortgagee exclusively, and gave the mortgagee a distinct and separate interest in the policy, independent of the owner. (*Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y., 141.)

In consideration of the increased security to the mortgagees, the company stipulated for and became entitled to subrogation. The right of the company to be subrogated, or to take an assignment of the mortgage, was wholly independent of the mortgagor, and the result of the contract directly made by the company with the mortgagee. When Floyd & Newins conveyed the property to Mrs. Gracie, and their names were erased from the policy, and that of Mrs Gracie inserted as owner, they ceased to be parties to the contract of insurance, and were no longer entitled to any benefit from it. The substitution of names was equivalent to the

making of a new policy. From that time forward, Mrs. Gracie was the owner and party assured, and her acts, in procuring the additionali nsurance, bound everybody interested in the property and in the insurance, except the mortgagees, Hendrickson & Whitson, who were protected by their separate contract with the company.

For these reasons, I think the appellants had no interest in or rights under the policy, and no right to require the plaintiff to credit on the mortgage any more than as between the plaintiff and Mrs. Gracie, the owner, they were bound to and did credit.

The decision at Special Term, and the judgment entered therein, should be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.